**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Third Degree Films, Inc., | ) | No. CV 12-0108-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Does 1-131, | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff Third Degree Films, Inc.'s Rule 60(B) Motion or, In the Alternative, Motion for Reconsideration, For Relief from Order Severing Does 2-131 (Doc. 9). The Court now rules on the Motion.

**I.   BACKGROUND**

The factual background of this case, including a description of the underlying technology, is recounted in greater detail in the Court's Order of February 29, 2012 (Doc. 8). Briefly, Plaintiff owns the copyright to an adult movie. Doc. 6-1 at 41. Plaintiff further alleges that the movie was shared through a peer-to-peer file sharing network by multiple computer users in violation of Plaintiff's copyright. Doc. 6 at 4-5. Plaintiff could only identify those users by their IP addresses and the date and time at which each IP address participated in the file sharing. *Id.* at 7. Plaintiff subsequently brought suit in this Court against 131 of the computer users that were deemed likely to be in Arizona, each named as

1   a Doe Defendant and identified by an IP address.  *Id.* at 5.

2          In an Order dated February 29, 2012, the Court denied Plaintiff's motion to issue

3   subpoenas to each of the IP addresses' internet service providers (ISP), which would have

4   requested the ISPs to identify the true owners of the IP addresses.  Doc. 8.  Instead, the Court

5   determined that Plaintiff's discovery request should be denied because joinder of all 131 Doe

6   Defendants was improper.  *Id.*  The Court further severed and dismissed Doe Defendants 2-

7   131 from this case without prejudice and granted Plaintiff's motion for expedited discovery

8   on Doe Defendant 1.  *Id.*

9          Plaintiff has now moved this Court to reconsider the Order of February 29, 2012.

10  Doc. 9.  Particularly, Plaintiff seeks relief from the Court's decision to sever and deny

11  discovery on all but one Doe Defendant.  *Id.*  For the reasons stated below, the Court will

12  deny Plaintiff's motion for reconsideration.

13  **II.    ANALYSIS**

14         **A.    Reconsideration**

15         This Court has identified four circumstances in which motions for reconsideration will

16  be granted:

17         (1)    There are material differences in fact or law from that presented to the
              Court and, at the time of the Court's decision, the party moving for
18            reconsideration could not have known of the factual or legal differences
              through reasonable diligence;
19
       (2)    There are new material facts that happened after the Court's decision;
20
       (3)    There has been a change in the law that was decided or enacted after
21            the Court's decision; or

22     (4)    The movant makes a convincing showing that the Court failed to
              consider material facts that were presented to the Court before the
23            Court's decision.

24  *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

25  "No motion for reconsideration shall repeat in any manner any oral or written argument made

26  in support of or in opposition to the original motion."  *Id.*

27         Plaintiff argues that reconsideration is proper for the following reasons: (1) Plaintiff

28  failed to adequately explain, and thus the Court failed to properly comprehend, the

technology involved; (2) the Court was "misled by cases that were erroneously decided;" and (3) the Court did not apply the correct standard for permissive joinder. Doc. 9 at 1. None of these assertions satisfies any of the four standards for reconsideration. Rather, the Court finds that Plaintiff is merely attempting to improperly repeat arguments made in its original motion. Further, though Plaintiff did not extensively address the issue of joinder in its original motion, on that issue Plaintiff's motion for reconsideration merely questions the Court's decision to follow one line of nonprecedential cases over others. *See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) (stating that it is improper for a party to use a "motion to reconsider to ask the Court to rethink what the Court had already thought through—rightly or wrongly."). Thus, Plaintiff's motion for reconsideration will be denied.

**B.    Relief from a Judgment or Order under Rule 60(b)**

In the alternative, Plaintiff seeks reconsideration under Rule 60(b), which "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). However, that Rule only provides relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Because this Court's Order of February 29, 2012 did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment," it was not a final judgment or appealable interlocutory order. *Catlin v. United States*, 324 U.S. 229, 233 (1945). Thus, Rule 60(b) does not apply. Moreover, none of Plaintiff's arguments, as described above, constitutes grounds for relief under Rule 60(b).

///

///

///

///

///

III.     **CONCLUSION**

Accordingly,

**IT IS ORDERED** denying Plaintiff's motion for reconsideration (Doc. 9).

**IT IS FURTHER ORDERED** that, there being no just reason for delay, the Clerk shall enter Judgment dismissing without prejudice Doe Defendants 2-131.

DATED this 22nd day of June, 2012.

James A. Teilborg
United States District Judge